## Rigby et al., Appellants, *v.* Great Atlantic & Pacific Tea Company.

Argued January 27, 1942. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*L. Halpern Miller,* with him *James J. Patterson* and *Edward L. F. Clarke,* for appellants.

*E. Leroy vanRoden,* with him *Truscott, Trinkle & Wright,* for appellee.

PER CURIAM, March 23, 1942:

This is a suit for nine months' rent. The lease provided: "In the event that, at any time during the term of this lease or any renewal thereof, . . . the State of Pennsylvania, . . . by any new or amendatory legislative act, . . . impose upon the lessee or its business, income or sales any tax or license fee by reason of its conducting a chain store business in Media, Pennsylvania, in addition to such tax or license fee as may be imposed by any act . . . in force at the time this lease is executed, then the lessee at its option may cancel this lease at any time by giving the lessor thirty days' written notice of its election so to do."

On May 20, 1938, the lessee, conducting chain stores, exercised the right to cancel, relying on the fact that the Act of June 5, 1937, P. L. 1656, imposed a chain store tax. On November 22, 1938, the lessor sued for five months' rent for the period following vacation, averring that the statute on which the lessee had relied had been declared unconstitutional. Judgment for the lessor was directed in the common pleas; on appeal, the Superior Court reversed: 139 Pa. Superior Ct. 543, 13 A. 2d 89; from that judgment, this court refused an allocatur.

Subsequently, the present action was brought to recover rent for nine months, the period following that for which recovery had been disallowed. Judgment for the defendant was directed. As the amount is within the jurisdiction of this court, the appeal came here.

The judgment is affirmed for the reasons stated by President Judge KELLER in the prior suit between the same parties.